IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01809-PAB

FRANCISCO BARRAGAN PIEDRA,

    Applicant,

v.

JOHN LONGSHORE, Field Office Director, U.S. Immigration and Customs Enforcement,

    Respondent.

## ORDER

    This matter comes before the Court *sua sponte* on the Application for a Writ of Habeas Corpus [Docket No. 1] filed by petitioner Francisco Barragan Piedra.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241.

    Mr. Piedra is a non-resident alien admitted into the United States on a Non-Immigrant B-2 visa sometime before 2004.  Docket No. 1-5 at 1.  Mr. Piedra did not leave the United States upon the expiration of his visa on May 25, 2005.  Docket No. 1-5 at 1.  On April 7, 2013, officials from the U.S. Immigration and Customs Enforcement ("ICE") arrested Mr. Piedra during a raid called "Operation Safe Neighborhoods-2013."  Docket No. 1-5 at 1.  On June 10, 2013, Mr. Piedra requested a bond hearing in front of an Immigration Judge.  Docket No. 1 at 5.  On July 3, 2013, the Immigration Judge held a bond hearing and found that he did not have jurisdiction to release Mr. Piedra on bond in light of the decision by the Board of Immigration Appeals ("BIA") in *In re Rojas*, 23 I. & N. Dec. 117, 125 (B.I.A. 2001).  Docket No. 1-3.  Mr. Piedra has a hearing on July 29,

2013 in front of an Immigration Judge to adjudicate the merits of his application for relief from removal proceedings. Docket No. 1-6 at 1.

In the present motion, Mr. Piedra requests that the Court order ICE to provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before July 29, 2013. Docket No. 1 at 2. In the alternative, Mr. Piedra requests that the Court enjoin the Immigration Court from adjudicating his removal proceedings before a bond hearing is held. *Id.*

Mr. Piedra has not served respondent. As a result of petitioner's failure to serve respondent, this Court has no personal jurisdiction to enter the various forms of relief petitioner requests. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff &* Co*., Ltd.,* 484 U.S. 97, 104 (1987) (noting that, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied"); *3M Co. v. Christian Invs., LLC*, 2011 WL 3678144, at *4-6 (E.D. Va. Aug. 19, 2011) (noting that service of process is a prerequisite to the issuance of an enforceable preliminary injunction). Accordingly, even though petitioner seeks to enjoin the July 29, 2013 immigration hearing, the Court will not consider plaintiff's motion until it has personal jurisdiction over the respondent.

DATED July 25, 2013.

                                                  BY THE COURT:

                                                  s/Philip A. Brimmer
                                                  PHILIP A. BRIMMER
                                                  United States District Judge